UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00660-JWH-KES | Date | June 3, 2024 |
| Title | *EMES2 Pharmaceuticals, LLC v. Kodella LLC* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **ORDER STRIKING THE ANSWER OF DEFENDANT KODELLA LLC**

In March 2024, the Court issued an Order to Show Cause re Striking the Answer of Kodella LLC.[1] For the reasons set forth below, the Court now **STRIKES** Kodella's Answer.

## I. BACKGROUND

In April 2023, Plaintiff EMES2 Pharmaceuticals commenced this action in this Court against Kodella.[2] In December 2023, EMES2 Pharmaceuticals filed its operative Amended Complaint,[3] and Kodella responded with an Answer.[4]

---

[1]    Ord. to Show Cause re Striking the Answer of Def. Kodella LLC (the "OSC") [ECF No. 56].
[2]    Compl. [ECF No. 1].
[3]    Second Am. Compl. (the "Amended Complaint") [ECF No. 48].
[4]    Answer [ECF No. 50].

In January 2024, counsel of record for Kodella, attorney Farah Tabibkhoei, moved to withdraw as counsel.[5] The Court granted Ms. Tabibkhoei's Motion to Withdraw.[6]

The Court also directed Kodella to engage new counsel forthwith and to cause new counsel to file a Notice of Appearance no later than April 5, 2024.[7] Kodella did not cause new counsel to file a Notice of Appearance by the deadline.

The Court also issued the OSC, in which it directed each party to file, on or before April 12, 2024, a written response explaining why the Court should or should not strike Kodella's Answer.[8] EMES2 Pharmaceuticals responded to the OSC,[9] but Kodella did not.

## II.  LEGAL STANDARD

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). A court has discretion in determining whether to strike a matter from a pleading. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  As a general matter, "parties may plead and conduct their own cases personally or by counsel[.]"  28 U.S.C § 1654.  However, under this Court's Local Rules, "[o]nly individuals may represent themselves *pro se*.  No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1"  L.R. 83-2.2. An LLC cannot represent itself in federal court.  *See, e.g.*, *Our Fathers Home LLC v. Tucker*, 2023 WL 8359858, at *1 (C.D. Cal. Nov. 30, 2023).

---

[5]    Mot. to Withdraw (the "Motion to Withdraw") [ECF No. 51].
[6]    Minutes of Hearing re Motion to Withdraw [ECF No. 55].
[7]    *Id.*
[8]    *See* OSC.
[9]    Pl.'s Response to the OSC [ECF No. 56].

### III.  ANALYSIS

The Court instructed that Kodella must be represented by counsel.  Despite those instructions, Kodella failed to obtain new counsel by the deadline that the Court established.  Kodella also failed to respond to the OSC by the deadline.

Accordingly, the Court **STRIKES** the Answer of Kodella.

### IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Answer of Kodella [ECF No. 50] is **STRICKEN**.

2. The case schedule set forth in the Civil Trial Scheduling Order [ECF No. 29] is **VACATED**.

**IT IS SO ORDERED.**